1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

ANTHONY JOHN PELLEGRINO,

Case No.  1:15-cv-00218-LJO-SAB

12

Plaintiff,

ORDER DISMISSING COMPLAINT, WITH
LEAVE TO AMEND WITHIN THIRTY (30)
DAYS

13

v.

14

LYNN R. MEREDITH, et al.,

15

Defendants.

16

17         On February 9, 2015, Plaintiff Anthony John Pellegrino filed the complaint in this action.

18    (ECF No. 1.)  For the reasons set forth below, the Court finds that Plaintiff's complaint fails to

19    state any cognizable claims and that Plaintiff's complaint should be dismissed, with leave to

20    amend.

21                                        **I.**

22                                   **SCREENING**

23         District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure

24    12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to

25    at least submit a written memorandum in opposition to such motion.  Lee v. City of Los Angeles,

26    250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991

27    (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)).  Under Rule 8(a), a complaint

28    must contain "a short and plain statement of the claim showing that the pleader is entitled to

1  relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require

2  'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

3  harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

4  Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual

5  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting

6  Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with'

7  a defendant's liability . . . 'stops short of the line between possibility and plausibility of

8  entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must

9  accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's

10 legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action,

11 supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at

12 555).

13                                              **II.**

14                                        **BACKGROUND**

15       Plaintiff names Lynn R. Meredith and the County of Stanislaus as defendants in this

16 action. (Compl. ¶¶ 12-13.) Lynn R. Meredith is identified as a "Commissioner." (Compl. ¶ 12.)

17       Plaintiff's complaint arises from a traffic infraction Plaintiff received in December 2012

18 for failing to have his headlights on in foggy weather. Plaintiff's complaint recounts the events

19 starting from when he received the traffic ticket from a California Highway Patrol Officer up

20 through the guilty verdict Plaintiff received after a court trial.

21       Throughout the complaint, Plaintiff recounts in detail Plaintiff's harassing treatment of

22 government officials. Nearly every interaction with a government official involves Plaintiff

23 demanding to see an "oath of office." The complaint recounts numerous incidents where

24 Plaintiff refuses to cooperate with requests from government officials, such as resisting requests

25 to show his license, registration and insurance information to the officer who cited him, refusing

26 to pay filing fees to court clerks, and contesting the government's authority and jurisdiction to

27 prosecute traffic citations.

28 / / /

1     Plaintiff claims that his constitutional rights were violated when he was forced to rise

2 during court proceedings, that he was denied due process when he was asked to pay a filing fee

3 to file court documents, that he was denied due process when he was prosecuted for his traffic

4 violation.  Plaintiff also asserts claims for intentional infliction of emotional distress and for

5 negligence.

6                         **III.**

7                      **DISCUSSION**

8     Plaintiff's complaint raises six causes of action: 1) for violation of Plaintiff's First

9 Amendment right to freedom of religion, 2) for violation of Plaintiff's first amendment right of

10 free speech, 3) for violation of Plaintiff's Fifth Amendment due process rights, arising from the

11 filing fees the court clerk attempted to charge Plaintiff, 4) for violation of Plaintiff's Fifth

12 Amendment due process rights, arising from the traffic infraction Plaintiff was found guilty of,

13 5) for intentional infliction of emotional distress, and 6) for negligence.

14    **A.**    **Absolute Judicial Immunity**

15     As an initial matter, the Court notes that Plaintiff seeks monetary damages against

16 Defendants for conduct which occurred during courtroom proceedings related to Plaintiff's

17 traffic violation.

18     "Judges and those performing judge-like functions are absolutely immune from damage

19 liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075

20 (9th Cir. 1986) (citing Richardson v. Koshiba, 693 F.2d 911, 913 (9th Cir. 1982)). "Judges are

21 immune from damage actions for judicial acts taken within the jurisdiction of their courts." Id.

22 "Judicial immunity applies 'however erroneous the act may have been, and however injurious in

23 its consequences it may have proved to the plaintiff.'" Id. (quoting Cleavinger v. Saxner, 474

24 U.S. 193, 199-200 (1985)).  California law also affords judges absolute immunity to judges:

25        "It is well established judges are granted immunity from civil suit
         in the exercise of their judicial functions.  [Citations].  This rule

26        applies even where the judge's acts are alleged to have been done
         maliciously and corruptly.  [Citations.]  ..."  Judicial immunity

27        from a civil action for monetary damages is absolute.  [Citations.]

28 Soliz v. Williams, 74 Cal. App. 4th 577, 585-586 (1999).

1    Defendant Meredith is absolutely immune from Plaintiff's claims for damages, as the acts

2    alleged were judicial acts performed in her official capacity and taken within the jurisdiction of

3    her court.  Plaintiff's allegations challenging Defendant Meredith's jurisdiction are fanciful and

4    implausible, and therefore not entitled to the presumption of truth.  Ashcroft v. Iqbal, 556 U.S.

5    662, 678 (2009).  For example, Plaintiff alleges the following frivolous objections to the state

6    court's jurisdiction to prosecute Plaintiff for a traffic infraction:

7      • That the State lacks jurisdiction to prosecute Plaintiff because "the State" was the injured

8          party and therefore a "conflict of interest" existed (Compl. ¶¶ 40, 49-50.);

9      • That the Court lacked jurisdiction because Plaintiff was not given a trial by jury for his

10         traffic violation (Compl. ¶ 52);

11     • That the Court lacked jurisdiction because "jurisdiction was never told or proven to

12         [Plaintiff]" (Compl. ¶ 82);

13   It is worth noting that California Government Code § 72190 states that "[a]t the direction of the

14   judges, commissioners may have the same jurisdiction and exercise the same powers and duties

15   as the judges of the court with respect to any infraction or small claims action."  See also In re

16   Kathy P., 25 Cal. 3d 91, 98 (1979) (recognizing jurisdiction conferred upon commissioners and

17   traffic referees to conduct trials regarding traffic infractions).  It is also worth noting that the

18   United States Supreme Court has recognized that the Sixth Amendment jury trial provision does

19   not apply to petty crimes and offenses.  Blanton v. City of North Las Vegas, Nev., 489 U.S. 538,

20   542 (1989).  Offenses where the maximum authorized prison term is six months or less are

21   presumed to be "petty" crimes and, generally, do not require trial by jury.  Id. at 542-43.  Finally,

22   the Court is unaware of any authority which suggests that a court must "prove" the existence of

23   jurisdiction to a litigant such as Plaintiff, in response to fanciful and vexatious challenges to the

24   court's jurisdiction.

25   Based upon the foregoing, the Court finds that Defendant Meredith is entitled to absolute

26   judicial immunity with respect to Plaintiff's claims for monetary damages.

27   / / /

28   / / /

4

### B.    Municipal Liability

The Court also notes that Plaintiff attempts to bring claims against the County of Stanislaus, a municipal entity.  Under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978), "a municipality cannot be held liable under § 1983 *solely* because it employs a tortfeasor ... in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  Defendant County of Stanislaus can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy.  Id. at 694.

Plaintiff's complaint fails to allege facts which plausibly support the conclusion that Defendant County of Stanislaus is liable for an injury caused by its own policies or customs. Plaintiff only alleges that Defendant Meredith, a court commissioner in the County of Stanislaus, engaged in certain acts during the court proceedings pertaining to Plaintiff's traffic infraction. Since the County of Stanislaus cannot be held liable under Section 1983 solely by reason of torts committed by an employee, Plaintiff fails to state a cognizable claim under Section 1983 against Defendant County of Stanislaus.

### C.    Freedom of Religion Claim

Plaintiff claims that Defendant Meredith violated Plaintiff's rights under the First Amendment's Free Exercise Clause.  Specifically, Plaintiff alleges that during a June 14, 2013 court proceeding, Defendant Meredith demanded that Plaintiff stand while swearing an oath to testify truthfully.  Plaintiff refused, stating that "I only rise before my Lord and Savior Jesus Christ."  Defendant Meredith ordered a bailiff to make Plaintiff rise, but Plaintiff refused. Plaintiff was then escorted outside the courtroom for about an hour.  Plaintiff returned and "was escorted to the bench area" and "while [Plaintiff] was already standing at the bench area, he was sworn in," without incident.

The Free Exercise Claus of the First Amendment of the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." U.S. Const. amend. I.  As a general proposition, "a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law

1    has the incidental effect of burdening a particular religious practice."   Church of the Lukumi
2    Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993).

3          The Court notes that there appears to be no law or regulation which requires Plaintiff to
4    stand before the judge while taking an oath to testify truthfully.   "[W]hen the challenged
5    government action is neither regulatory, proscriptive or compulsory, alleging a subjective
6    chilling effect on free exercise rights is not sufficient to constitute a substantial burden."
7    American Family Ass'n, Inc. v. City and County of San Francisco, 277 F.3d 1114, 1124 (9th Cir.
8    2002) (citing Vernon v. City of Los Angeles, 27 F.3d 1385, 1394 (9th Cir. 1994)).   Plaintiff's
9    complaint does not allege governmental action which was regulatory, proscriptive of
10   compulsory.   Plaintiff did not suffer any substantial burden from his refusal to stand before
11   Defendant Meredith.   Plaintiff, at most, was subjected to insubstantial inconvenience when was
12   required to wait for an hour before he was sworn in while standing in the bench area of the
13   courtroom.

14         The facts alleged show that Plaintiff was not subjected to substantial pressure to modify
15   his behavior and to violate his beliefs.   Ultimately, Plaintiff was not forced to violate his beliefs
16   as the complaint alleges that the court allowed Plaintiff to swear an oath while standing in the
17   "bench area" of the courtroom, which Plaintiff did not object to.   This did not constitute a
18   "substantial burden."   "Where the state conditions receipt of an important benefit upon conduct
19   proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by
20   religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to
21   violate his beliefs, a burden upon religion exists."   Thomas v. Review Bd. of Indiana
22   Employment Sec. Division, 450 U.S. 707, 718 (1981).

23         Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any
24   claims for the violation of his First Amendment Free Exercise rights.

25         **D.      Free Speech Claim**

26         Plaintiff claims that Defendant Meredith violated Plaintiff's rights under the First
27   Amendment's Free Speech Clause.   Similar to the basis of Plaintiff's Free Exercise claim,
28   Plaintiff contends that his free speech rights were violated when he was forced to stand while

1  taking his oath before testifying in court.

2      Plaintiff's complaint fails to allege facts which plausibly support the conclusion that

3  sitting down constituted expressive speech.  In his complaint, Plaintiff alleges that, by sitting:

4          [Plaintiff] attempted to express his beliefs about the protections
           that he was entitled to have under the First Amendment to the
5          Constitution of the United States of America....

6  (Compl. ¶ 93.)   Accordingly, Plaintiff contends that sitting constituted protected "symbolic

7  speech" within the meaning of the First Amendment.

8      In U.S. v. O'Brien, 391 U.S. 367, 376 (1968), the Supreme Court recognized that "[w]e

9  cannot accept the view that an apparently limitless variety of conduct can be labeled "speech"

10  whenever the person engaging in the conduct intends thereby to express an idea."  In determining

11  whether symbolic acts constitute protected speech, the Court looks to whether there is 1) an

12  intent to convey a particularized message, and 2) that the likelihood is great that the message

13  would be understood by those who viewed it.  Spence v. State of Wash., 418 U.S. 405, 410

14  (1974); Nordyke v. King, 319 F.3d 1185, 1190 (9th Cir. 2003).

15      The facts alleged do not support the conclusion that Plaintiff's acts constituted expressive

16  conduct protected under the First Amendment.  Plaintiff alleges that he was attempting to convey

17  the particularized message, via sitting down in the courtroom, regarding his beliefs about the

18  protections afforded under the First Amendment of the United States Constitution.  The Court

19  finds that there is very little likelihood that this message would be understood as Plaintiff

20  intended by a casual observer.  Sitting down when asked to stand in a courtroom does not convey

21  a readily understood message regarding the First Amendment or the Constitution.  Someone

22  observing Plaintiff's conduct in the courtroom would be more likely to assume that Plaintiff is

23  just being obstinate or possessed no respect for the court's authority—an assumption that would

24  be supported in this specific context by Plaintiff's constant badgering of government officials for

25  their "oath of office" and challenging the jurisdiction of the court.  However, Plaintiff does not

26  allege that this was the message he was attempting to convey.  Since Plaintiff contends that he

27  was attempting to convey a different message that would not be readily understood by those who

28  viewed it, his claim fails.

1    Moreover:

2    > A courthouse—and, especially, a courtroom—is a nonpublic
     > forum. [Citations.] A courtroom's very function is to provide a
3    > locus in which civil and criminal disputes can be adjudicated.
     > Within this staid environment, the presiding judge is charged with
4    > the responsibility of maintaining proper order and decorum. In
     > carrying out this responsibility, the judge must ensure "that [the]
5    > courthouse is a place in which rational reflection and disinterested
     > judgment will not be disrupted." [Citation.]

6

7    Berner v. Delahanty, 129 F.3d 20, 26 (1st Cir. 1997) (internal citations omitted). Here, the facts

8    alleged by Plaintiff clearly demonstrates that Defendant Meredith's actions were justified

9    because the rationale for her actions are plain from a cursory examination of the facts. See

10   Cornelius v. NAACP Legal Defense and Educational Fund, Inc., 473 U.S. 788, 800 (1985)

11   (access to a nonpublic forum can be restricted as long as the restrictions are reasonable and are

12   not an effort to suppress expression merely because public officials oppose the speaker's view).

13       The facts alleged by Plaintiff rather candidly recount Plaintiff's harassing behavior

14   toward public officials, disrespect for the court's authority and childish refusal to address the

15   merits of his traffic infraction and instead raise frivolous arguments based upon Plaintiff's

16   misunderstanding of the concept of jurisdiction. Plaintiff demanded names and job titles from

17   court employees. (Compl. ¶ 30.) Plaintiff demanded to see an "oath of office" from court

18   employees. (Compl. ¶ 31.) Plaintiff refused to pay filing fees charged by the court. (Compl. ¶

19   32.) Plaintiff raised frivolous arguments regarding the charging documents. (Compl. ¶ 38.)

20   Plaintiff raised frivolous arguments claiming that the state could not prosecute Plaintiff because

21   of a "conflict in interest" when "the state" was the "injured party" to his crime. (Compl. ¶ 40.)

22   Plaintiff raised frivolous motions to dismiss. (Compl. ¶ 40.) Plaintiff raised frivolous arguments

23   regarding the court's jurisdiction. (Compl. ¶ 49.) Plaintiff raised frivolous, and frankly childish,

24   complaints when Defendant Meredith entered a "not guilty" plea on Plaintiff's behalf. (Compl. ¶

25   51.) Plaintiff raised frivolous arguments pertaining to his claimed right to a jury trial on his

26   traffic infraction. (Compl. ¶ 52.)

27       Given the totality of the circumstances as described alleged by Plaintiff, the Court finds

28   that Defendant Meredith's actions were reasonable and were not directed at suppressing

1    Plaintiff's point of view.  Given the context of the situation, it is clear from this Court's reading
2    of the complaint that Defendant Meredith viewed Plaintiff's refusal to stand while taking the
3    oath as another incident in a long line of immature, disrespectful and frivolous protests by
4    Plaintiff throughout his court proceedings.  Further, the Court finds that Defendant Meredith
5    responded to Plaintiff's behavior in the least intrusive means available, as Plaintiff was
6    ultimately allowed to take the oath in the bench area of the courtroom and his ability to testify
7    and present a defense was not inhibited.

8         Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any
9    cognizable claims for the violation of Plaintiff's free speech rights under the First Amendment.

10         **E.     Due Process (Filing Fee) Claim**

11         Plaintiff claims that his due process rights were violated because he was asked to pay a
12   filing fee to file certain defense documents.  While the Supreme Court has held that indigent
13   defendants must be afforded a waiver of filing fees in criminal cases, Griffin v. Illinois, 351 U.S.
14   12, 18 (1956); Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999), Plaintiff's claim suffers
15   from a number of defects.

16         First and foremost, Plaintiff identifies no tangible injury, as Plaintiff was eventually
17   allowed to file his documents without paying any fees.  Plaintiff vaguely alleges that his defense
18   was hindered, but it is unclear how his defense was impacted at all, given that the court
19   eventually accepted the documents.  It is also worth noting, that the documents at issue, attached
20   as exhibits to the complaint in this action, could not possibly have had any bearing on Plaintiff's
21   case, as they were plainly frivolous and immaterial.  These documents include a made-up
22   document authored by Plaintiff entitled "Affidavit of Status," an "Affidavit of Facts" which
23   recounts the December 2012 incident where he received the traffic ticket but does not deny the
24   merits of the ticket, an "Affidavit of Facts" recounting Plaintiff's court proceedings, frivolous
25   objections which appear to complain about the flags on display at the court, and Defendant
26   Meredith's oath of office.

27         Secondly, while filing fees must be waived for indigent defendants, Plaintiff does not
28   claim to be indigent in his complaint.  The Court notes that Plaintiff was able to pay the $400.00

9

filing fee in this action.  The Constitution does not require a waiver of filing fees for non-indigent defendants simply because they do not feel like paying them.

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims for the violation of Plaintiff's due process rights stemming from the charging of filing fees.

### F.    Due Process (Oath of Office) Claim

Plaintiff claims his due process rights were violated because Defendant Meredith "consciously and deliberately never disclosed the jurisdiction that [Plaintiff] was being tried under." and "The Rules of Procedure are different under certain jurisdictions in which it makes it improbably[sic] to mount a defense, civil or criminal."  (Compl. ¶ 105.)  Plaintiff also claims Defendant Meredith was biased (Compl. ¶ 107) and that "on May 9, 2013, [Defendant Meredith] changed the nature and cause of the against[sic] [Plaintiff] in the middle of the motions hearing." (Compl. ¶ 104.)

The Court is unaware of any authority which requires courts to "disclose" the basis of jurisdiction in response to frivolous challenges raised by Plaintiff.  Furthermore, it appears that, under California Government Code § 72190, Defendant Meredith had actual jurisdiction to conduct the trial on Plaintiff's traffic infraction.  Plaintiff's complaint alleges no facts which seriously challenge the state court's jurisdiction.  Accordingly, this claim fails.

Further, the Court is unaware of any authority which suggests that the Due Process Clause requires all jurisdictions to follow identical rules of procedure.  Accordingly, this claim fails.

Plaintiff's complaint fails to allege any facts which plausibly support the conclusion that Defendant Meredith was biased or that the charges against Plaintiff were changed in the middle of a motions hearing.  Accordingly, these claims fail.

### G.    Intentional Infliction of Emotional Distress

Plaintiff attempts to raise a claim for intentional infliction of emotional distress against Defendant Meredith for removing Plaintiff from the courtroom for exercising his religious beliefs.  Aside from the fact that Defendant Meredith possesses absolute judicial immunity for

1  damages claims, Plaintiff's complaint fails to allege facts which plausibly support a claim for

2  intentional infliction of emotional distress.

3        Under California law, the elements of a claim for intentional infliction of emotional

4  distress are: 1) extreme and outrageous conduct by the defendant with the intention of causing, or

5  reckless disregard of the probability of causing, emotional distress, 2) the plaintiff's suffering

6  severe or extreme emotional distress, and 3) actual and proximate causation of the emotional

7  distress by the defendant's outrageous conduct.  Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009).

8  Outrageous conduct is defined as conduct so extreme as to exceed all bounds of that usually

9  tolerated in a civilized community.  Id. at 150-51.  Asking a litigant to stand while taking an oath

10 to testify truthfully is not outrageous conduct.

11       Based upon the foregoing, Plaintiff's claim for intentional infliction of emotional distress

12 fails.

13       **H.    Negligence**

14       Plaintiff attempts to raise a claim for negligence against Defendants.   Plaintiff's

15 negligence claim is premised upon the allegation that Defendants possessed a duty to not violate

16 Plaintiff's rights.  As discussed above, Plaintiff has failed to allege facts which plausibly support

17 the conclusion that any of his rights were violated.   Therefore, Plaintiff's attempt to state a

18 negligence claim based upon the same necessarily fails.

19       **I.    Leave to Amend**

20       "Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely

21 given when justice so requires.'   This policy is 'to be applied with extreme liberality.'"

22 Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v.

23 Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  The factors the Court

24 should consider in deciding whether to grant leave to amend include undue delay, bad faith or

25 dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

26 previously allowed, undue prejudice to the opposing party by virtue of allowance of the

27 amendment, and futility of the amendment.  Id. at 1052.

28 ///

1    In accordance with the "extreme liberality" with which leave to amend should be granted,

2  the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies

3  identified herein.

4                                          **IV.**

5                            **CONCLUSION AND ORDER**

6    Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any

7  cognizable claims.

8    Accordingly, it is HEREBY ORDERED that Plaintiff's complaint is dismissed, with

9  leave to amend.  Plaintiff shall file his amended complaint, if any, within thirty (30) days from

10  the date of service of this order.  Plaintiff is forewarned that failure to file a timely amended

11  complaint will result in a recommendation that this action be closed.

12

13  IT IS SO ORDERED.

14  Dated:   **February 23, 2015**

                                              UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28