1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  ANTHONY JOHN PELLEGRINO,                 Case No.  1:15-cv-00218-LJO-SAB

12              Plaintiff,                    FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING THAT THIS ACTION
13         v.                                BE DISMISSED, WITH PREJUDICE

14  LYNN R. MEREDITH, et al.,                OBJECTIONS DUE WITHIN THIRTY (30)
                                             DAYS
15              Defendants.

16

17         On February 9, 2015, Plaintiff Anthony John Pellegrino filed the complaint in this action.

18  (ECF No. 1.)  On February 23, 2015, the Court issued an order dismissing the complaint with

19  leave to amend.  (ECF No. 2.)  On March 23, 2015, Plaintiff filed objections to the Court's

20  February 23, 2015 order.  For the reasons set forth below, the Court recommends that this action

21  be dismissed, without leave to amend.

22                                        I.

23                                  BACKGROUND

24         Plaintiff names Lynn R. Meredith and the County of Stanislaus as defendants in this

25  action. (Compl. ¶¶ 12-13.) Lynn R. Meredith is identified as a "Commissioner." (Compl. ¶ 12.)

26         Plaintiff's complaint arises from a traffic infraction Plaintiff received in December 2012

27  for failing to have his headlights on in foggy weather.  Plaintiff's complaint recounts the events

28  starting from when he received the traffic ticket from a California Highway Patrol Officer up

1

through the guilty verdict Plaintiff received after a court trial.

Plaintiff claims that his constitutional rights were violated when he was forced to rise during court proceedings, that he was denied due process when he was asked to pay a filing fee to file court documents, that he was denied due process when he was prosecuted for his traffic violation. Plaintiff also asserts claims for intentional infliction of emotional distress and for negligence.

On February 23, 2015, the Court issued an order dismissing Plaintiff's complaint for failure to state any cognizable claims. (ECF No. 2.) The Court granted Plaintiff leave to file an amended complaint which cured the deficiencies identified by the Court. Instead of filing an amended complaint, Plaintiff filed a document entitled "Objection to Magistrate Judges[sic] Recommendations and Demand for Article III District Court Judge." (ECF No. 3.) Among other things, Plaintiff objects to the undersigned magistrate judge's authority to screen Plaintiff's complaint.

## II.

## DISCUSSION

### A.    Magistrate Judge Authority

As an initial matter, Plaintiff disputes the authority of a magistrate judge to screen Plaintiff's complaint and dismiss the complaint with leave to amend. Plaintiff argues that because he did not consent to have his complaint screened by a magistrate judge, the order screening the complaint was invalid. Plaintiff's contentions have no merit.

A magistrate judge's authority is derived from 28 U.S.C. § 636. While Section 636(c)(1) does set forth duties which can be performed by a magistrate judge "[u]pon consent of the parties," Section 636(b) sets forth duties which can be performed by a magistrate judge irrespective of whether the parties consent. Such duties include nondispositive pretrial matters. Local Rule 302(a) states that "[i]t is the intent of this Rule that Magistrate Judges perform all duties permitted by 28 U.S.C. § 636(a), (b)(1)(A), or other law where the standard of review of the Magistrate Judge's decision is clearly erroneous or contrary to law." This Court has upheld a magistrate judge's authority to screen complaints, so long as any dismissal is non-dispositive and

1  leave to amend is granted.  See Robinson v. Adams, No. 1:08-cv-1380 AWI GSA PC, 2009 WL

2  1953167, at *1-2 (E.D. Cal. Jul. 7, 2009).

3      Based upon the foregoing, the Court rejects Plaintiff's objections to the February 23,

4  2015 order dismissing Plaintiff's claims with leave to amend.

5      **B.      Dismissal Without Leave to Amend**

6      Despite being granted leave to amend, Plaintiff did not file an amended complaint within

7  the deadline set by the Court.  For the reasons set forth below, the Court recommends that this

8  action be dismissed without leave to amend.

9      "Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely

10 given when justice so requires.'   This policy is 'to be applied with extreme liberality.'"

11 Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v.

12 Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).   The factors the Court

13 should consider in deciding whether to grant leave to amend include undue delay, bad faith or

14 dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

15 previously allowed, undue prejudice to the opposing party by virtue of allowance of the

16 amendment, and futility of the amendment.  Id. at 1052.

17     In this case, Plaintiff has failed to address the deficiencies identified by the Court in its

18 order granting leave to amend and the Court finds that further leave to amend would be futile.

19 The Court notes that Plaintiff's objections attempt to address the deficiencies identified by the

20 Court, but the facts and arguments raised by Plaintiff fail to cure the deficiencies in his claims.

21     The Court's February 23 order advised Plaintiff of the issue of absolute judicial immunity

22 with respect to Defendant Meredith as well as the facts which must be alleged to establish

23 municipal liability against Defendant County of Stanislaus.  Plaintiff's objections fail to raise any

24 new or different facts or arguments that address these issues.

25     The Court's February 23 order also advised Plaintiff of the defects in his Free Exercise

26 claim.  Specifically, the Court noted that Plaintiff had not alleged any substantial burden of his

27 exercise of religion.  None of the facts or arguments raised in Plaintiff's objections challenges

28 this finding or cures the defect in his claim.  Similarly, Plaintiff alleges no new facts curing the

1    defects in Plaintiff's free speech claim.  Plaintiff complaint failed to allege facts which supported

2    the conclusion that Plaintiff engaged in protected speech or that his speech was suppressed.

3         The Court rejected Plaintiff's due process claim based upon the filing fee Plaintiff was

4    asked to pay to file certain documents.  The Court noted that Plaintiff alleged no facts that

5    suggested that Plaintiff had a right to file his documents for free, that Plaintiff was eventually

6    allowed to file his documents without paying any fees and that Plaintiff suffered no prejudice

7    since the documents Plaintiff sought to file were irrelevant to his case.  Plaintiff argues in his

8    objection that the state court officials were clearly acting erroneously when they eventually

9    accepted Plaintiff's filings without charging a filing fee.  Even accepting this allegation as true,

10   Plaintiff fails to demonstrate how this rises to the level of a Due Process violation.

11        The Court rejected Plaintiff's due process claim based upon a variety of actions

12   Defendant Meredith allegedly took during court proceedings.  Plaintiff alleged that Defendant

13   Meredith "consciously and deliberately never disclosed the jurisdiction that [Plaintiff] was being

14   tried under" and "[t]he Rules of Procedure are different under certain jurisdictions in which it

15   makes it improbably[sic] to mount a defense, civil or criminal." (Compl. ¶ 105.)  Plaintiff also

16   claims Defendant Meredith was biased (Compl. ¶ 107) and that "on May 9, 2013, [Defendant

17   Meredith] changed the nature and cause of the against[sic] [Plaintiff] in the middle of the

18   motions hearing." (Compl. ¶ 104.)  Plaintiff alleges no new facts which support any plausible

19   claims based on any of these theories.

20        Throughout the complaint and in Plaintiff's objections, Plaintiff complains that court

21   officials were bewildered at Plaintiff's demands to see an "oath of office."  Plaintiff's allegations

22   do not support any cognizable claims under any theory.  As far as the Court is aware, nothing in

23   the Constitution, in any federal or state statutes or regulations, or in any case law requires state

24   officials to carry documentation proving that they took a valid oath of office.  Plaintiff fails to

25   cite any provision of law which suggests that government officials are required to respond to

26   demands to furnish proof that they took valid oaths of office on Plaintiff's demand.

27   Furthermore, the fact that Plaintiff was dissatisfied with the responses he received to his

28   demands does not plausibly support the conclusion that any of these officials failed to take a

valid oath of office. Plaintiff has failed to cite a single legal source which suggests that Plaintiff may sue the government on his novel "oath of office" theory.

Finally, the Court rejected Plaintiff's claims for intentional infliction of emotional distress and negligence because the facts alleged by Plaintiff failed to support any of these theories. None of the facts or arguments raised in Plaintiff's objections cures any of the defects in these claims.

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff was given the opportunity to file an amended complaint after being informed of the deficiencies in his claims, and Plaintiff refused. Nothing in the objections Plaintiff filed suggests that his claims can be cured by granting further leave to amend. Accordingly, the Court finds that further leave to amend should be denied.

### III.

### CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's complaint fails to state any cognizable claims and that Plaintiff's claims are not capable of being cured by further leave to amend.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

/ / /

/ / /

/ / /

/ / /

time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 8, 2015**

UNITED STATES MAGISTRATE JUDGE